Clerk's Copy

FILED
AT ALBUQUERQUE NM

MAR - 9 2000

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

No. CIV-00-0062 SC/LFG
CR-94-415 SC

DONALD ALBERT MASSIE

Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* for preliminary consideration of Defendant's Ex Parte Complaint in the Nature of F.R.C.P., Rule 60(b) (CIV Doc. #1; CR Doc. #110) filed January 13, 2000, construed herein as a motion under 28 U.S.C. § 2255. Rule 4(b) Governing Section 2255 Proceedings.

Defendant claims the Court had no subject matter jurisdiction of his offense and invokes Fed.R. Civ.P. 60(b) as the statutory basis of his motion. The provisions of § 2255, however, provide the exclusive remedy for an attack on a federal criminal conviction, *Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"), and Defendant's pro se characterization of his claims is not dispositive. *Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992). The gravamen of the motion is that the Court was without jurisdiction of the criminal proceeding and only assumed jurisdiction as a result of fraud. These claims are expressly contemplated by § 2255; relief is available where "the sentence was imposed in violation of the



Constitution or laws . . ., or . . . the court was without jurisdiction to impose such sentence." § 2255.

Construed under § 2255, Defendant's motion is barred by the statute's one-year period of limitations. On December 15, 1997, the Court of Appeals for the Tenth Circuit affirmed Defendant's conviction, *United States v. Massie*, No. 97-2027, 1997 WL 767547 (10th Cir.1997), and on October 5, 1998, the Supreme Court denied his petition for writ of *certiorari*. *Massie v. United States*, --- U.S. ---, 119 S.Ct. 81 (1998). Defendant's conviction thus became final October 5, 1998, *United States v. Willis*, No. 98-3244, 2000 WL 121287, at *2 (10th Cir. Feb. 1, 2000), and the motion was filed more than a year later on January 13, 2000. The motion is not timely and will be dismissed.

IT IS THEREFORE ORDERED that Defendant's Ex Parte Complaint in the Nature of F.R.C.P., Rule 60(b), construed herein as a motion under 28 U.S.C. § 2255 (CIV Doc. #1; CR Doc. #110) filed January 13, 2000, is DISMISSED with prejudice; the motion for judicial notice (CIV Doc. #3; CR Doc. #112) filed January 13, 2000, is DENIED as moot; and this civil proceeding is DISMISSED.

/s/ James A. Parker
UNITED STATES DISTRICT JUDGE